IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| STAS BEN DAYAN, | Case No. 2:19-cv-02088-SB |
| Plaintiff, | **OPINION AND ORDER** |
| v. | |
| T. BOWSER, Superintendent, K. JACKSON, Assistant Superintendent, T. BLEWETT, Operations Captain, L. ALBERT, Special Housing Captain, T. SWART, Officer, L. SIMON, Executive Assistant, | |
| Defendants. | |

**BECKERMAN, U.S. Magistrate Judge.**

Stas Ben Dayan ("Dayan"), a self-represented litigant in custody at Two Rivers Correctional Institution ("TRCI"), filed this action pursuant to 42 U.S.C. § 1983 against several prison officials ("Defendants"), alleging failure to protect claims under the Eighth Amendment. Defendants filed a motion to dismiss. (ECF No. 12.) The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331, and all parties have consented to the jurisdiction of a U.S. Magistrate Judge pursuant to 28 U.S.C. § 636. For the reasons explained below, the Court grants Defendants' motion to dismiss.

PAGE 1 – OPINION AND ORDER

## BACKGROUND

Dayan is an adult in custody of the Oregon Department of Corrections and is currently housed at TRCI. (Compl. at 2.) Dayan is a "known protective custody inmate" who has required special housing assignments to keep him safe. (Compl. at 3.)

On March 20, 2019, Dayan's cellmate went through his property and discovered the reasons why Dayan requested protective custody. (Compl. at 6.) Dayan's cellmate threatened to assault Dayan and expose those reasons to European Kindred gang members unless Dayan performed oral sex on him, which Dayan did "in fear for his life[.]" (Compl. at 6.) Dayan disclosed the sexual assault to prison officials a few days later. (Compl. at 7.)

Dayan sent two kytes to prison officials regarding his housing assignment before the March 20, 2019, sexual assault: on March 14 and 18, 2019, Dayan sent kytes stating he had "issues with EK and Skinheads" and requesting to move units. (Compl. at 24, 29.) After the assault, Dayan sent several kytes to prison officials from March through June 2019, requesting placement in a housing unit where he would be safe from European Kindred gang members. (Compl. at 9-36.)

## ANALYSIS

### I.     STANDARD OF REVIEW

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Mashiri v. Epstein Grinnell & Howell*,

PAGE 2 – OPINION AND ORDER

845 F.3d 984, 988 (9th Cir. 2017) (internal quotation marks omitted) (citing *Iqbal*, 556 U.S. at 678).

## II.  DISCUSSION

Dayan alleges that he was sexually assaulted as "the result of [D]efendant[s'] deliberate indifference" to Dayan's personal safety, and that he has suffered "extreme stress and anxiety" as a result of Defendants' failure to move him to a safe housing unit. (Compl. at 37.) Defendants move to dismiss Dayan's complaint on the grounds that there is no causal connection between Defendants' conduct and the sexual assault, and Dayan did not suffer any cognizable injuries resulting from Defendants' actions.[1] (Mot. at 2.)

It is well-settled that "prison officials have a duty . . . to protect prisoners from violence at the hands of other prisoners." *Farmer v. Brennan*, 511 U.S. 825, 833 (1994). "It is not, however every injury suffered by one prisoner at the hands of another that translates into constitutional liability for prison officials responsible for the victim's safety." *Id.* at 834. "A prison official cannot be found liable unless . . . the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 837. "[A]n official's failure to alleviate a significant risk that he should have perceived but did not, while no cause for commendation, cannot under our cases be condemned as infliction of punishment." *Id.* at 838.

---

[1] Defendants also argue that they cannot be sued for damages in their official capacities, but Dayan also pled his claims against Defendants in their individual capacities. (*See* Compl. at 9, 13, 19, 23, 26, 28, 34.) In any event, individuals in custody may state a claim against prison officials in their official capacities where, as here, Dayan seeks prospective injunctive relief. *See Flint v. Dennison*, 488 F.3d 816, 825 (9th Cir. 2007) (explaining that "a suit for prospective injunctive relief provides a narrow, but well-established, exception to Eleventh Amendment immunity" (citing *Ex parte Young*, 209 U.S. 123 (1908))).

PAGE 3 – OPINION AND ORDER

With respect to the sexual assault, Dayan has not alleged that he reported to prison officials prior to the assault that his cellmate posed any risk to his health or safety. If Defendants were not aware of the risk to Dayan posed by his cellmate, they could not have disregarded the risk. *See, e.g.*, *Smith v. Cal. State Prison-Sacramento*, No. CIV S-10-0766 DAD P, 2010 WL 3717802, at *3 (E.D. Cal. Sept. 16, 2010) ("[T]o state a cognizable failure to protect claim against [prison officials], plaintiff must allege facts showing that these defendants knew he faced a substantial risk of being [harmed] by his new cellmate but that the defendants chose to ignore that risk."); *Struggs v. Marshall*, No. C-92-1499-JPV, 1993 WL 219299, at *2 (N.D. Cal. May 28, 1993) ("To be liable for failing to protect an inmate, a prison official must be aware of sufficient information about a particular danger, which in turn gives rise to an affirmative duty to protect the threatened inmate. Prison officials do not act recklessly in regards to an inmate's safety unless they are aware of a specific threat to an inmate and fail to act to prevent the attack."). Therefore, Dayan has failed to state a failure to protect claim relating to the sexual assault.

Dayan also alleges that he has suffered emotional distress resulting from Defendants' failure to protect him from European Kindred gang members, but Dayan has not alleged any assaults by such gang members. Fear of assault alone is not enough to state a failure to protect claim under the Eighth Amendment. *See, e.g.*, *Babcock v. White*, 102 F.3d 267, 272 (7th Cir. 1996) ("However legitimate [the plaintiff's] fears may have been, . . . it is the reasonably preventable assault itself, rather than any fear of assault, that gives rise to a compensable claim under the Eighth Amendment."); *Osborne v. Tulare Cty. Sheriff's Dep't*, No. CVF035423RECSMSP, 2006 WL 618366, at *3 (E.D. Cal. Mar. 9, 2006) ("Under the relevant case law, fear of assault does not constitute a 'sufficiently serious' injury sufficient to state a

claim under the Eighth Amendment." (citation omitted)); *Henslee v. Wilson*, No. 08cv1015-IEG-LSP, 2009 WL 347003, at *3 (S.D. Cal. Feb. 5, 2009) ("At no point did plaintiff suffer a 'reasonably preventable assault' and his fear of the potential assault does not give rise to a compensable Eighth Amendment claim."); *see also* 42 U.S.C. § 1997e(e) ("No Federal civil action may be brought by a prisoner confined in . . . prison . . . for mental or emotional injury suffered while in custody without a prior showing of physical injury or the commission of a sexual act[.]"). Therefore, Dayan has failed to state a failure to protect claim relating to his allegations that Defendants failed to keep him separate from European Kindred gang members.

## CONCLUSION

For the reasons stated, the Court GRANTS Defendants' motion to dismiss (ECF No. 12), and dismisses Dayan's claims without prejudice. If Dayan is able to cure the deficiencies identified herein, he may file an amended complaint by November 5, 2020. Failure to file an amended complaint will result in dismissal of this case.

**IT IS SO ORDERED.**

DATED this 5th day of October, 2020.

_____
HON. STACIE F. BECKERMAN
United States Magistrate Judge